## O'HARA *v.* THE STATE.

[No. 2,996. Filed December 22, 1898.]

ASSAULT AND BATTERY.—*Town Trustees.*—*Wrongful Ejectment from Meeting by Direction of President.*—Where a marshal, at the direction of the president of a town board, took hold of and removed from a public meeting of such board a citizen who was in no way disturbing the meeting, the acts of the marshal constituted an assault and battery of which the president of the board was a principal.

From the Lake Circuit Court. *Affirmed.*

*John W. Wartman, John B. Peterson* and *John G. Erdlitz,* for appellant.

COMSTOCK, J.—This prosecution was commenced before a justice of the peace of Lake county upon an affidavit charging Clay Collins, Edward O'Hara, and John W. Wartman with having committed an assault and battery upon one Charles Pitzele. Collins was not arrested. After hearing the evidence, the justice of the peace found O'Hara and Wartman guilty as charged, and assessed a fine of $1.00 against each and the costs of the action. From this judgment of the justice of the peace O'Hara and Wartman appealed to the Lake Circuit Court. A trial before said court, without the intervention of a jury, resulted in the conviction of O'Hara and the assessment of a fine of $1.00, without costs, against him, and the acquittal of Wartman. Appellant's motion for a new trial, upon the ground that the finding and judgment of the court were contrary to law and contrary to the evidence, and not supported by the evidence, was overruled. This action of the court is the only error assigned.

On the 29th day of July, 1897, the date named in the affidavit, the board of trustees of the town

of Whiting, in said county, met in special session in its regular place of meeting, the town hall. Appellant, O'Hara, was president of the board; Wartman was the town attorney; Collins was the town marshal. Some twenty or thirty persons were present, including the prosecuting witness, besides the members of the board. Before the board had been called to order for the transaction of business, the prosecuting witness had talked and conducted himself in a manner offensive to, at least, the president of the board and the town attorney, and he was ordered to take his seat and be still or he would be put out. After some words he did so. He soon after left the hall, threatening to have the attorney arrested for insulting him. In fifteen or twenty minutes he returned to the hall, and resumed his seat by the side of the town marshal, in the front row of the seats occupied by the spectators, twelve or fifteen feet from the president of the board. There is evidence that he answered in a whisper a question put to him by the town marshal. O'Hara discovered the prosecuting witness, saw that he was talking, and told the town marshal to put him out. The town marshal hesitated to obey the order, and asked the town attorney if he had the right to put him out, and O'Hara and Wartman "both directed him to put him out." The marshal next to whom he sat upon his return to the hall testified that he made no noise and said nothing after his return to the hall but answer the question he put to him, which he did in a whisper. The testimony of the prosecuting witness was to the same effect. Thus while the prosecuting witness was doing and saying nothing to disturb the meeting, the appellant directed the marshal to take him outside, and see that he stayed out. The mar-

shal requested him to go out. He answered, "You will have to drag me out·" The marshal took him by the coat, and said "Come and go outside." At this time a third party told Pitzele that he wanted to see him outside, and the three (the prosecuting witness, the marshal and the stranger) walked out of the hall, and the prosecuting witness remained out. He testified that he did not return to the hall for the purpose of creating a disturbance, but to witness the proceedings of the board. The meetings of the board were public. Pitzele had attended other meetings. From this brief summary of the evidence, it appears that the prosecuting witness was present at a public meeting, and therefore, in a sense, by invitation, although it is equally apparent that to the board he was *persona non grata*. When the marshal placed his hand upon him for the purpose of obeying the order of the president of the board, the evidence shows that he was doing nothing calculated to disturb the orderly transaction of business, whatever his conduct may have been prior to that time. The trial court, in view of this evidence and of the fact that he was a citizen and a taxpayer, held in effect, that he had a right to be where he was so long as he did not interfere with the business and objects of the meeting, and that when the officer took hold of him to put him out, the touching was unlawful, although it was not violent. The court, having heard all the evidence in the cause, found that an assault and battery had been committed. Appellant, having directed the acts of the marshal constituting a misdemeanor, was, with the marshal, a principal. The board of trustees had the undoubted right to maintain order; to remove any one interfering with the transaction of the business; but not arbitrarily to eject, or attempt to eject, one who was not thus offending. There was evi-

dence that from the time the prosecuting witness returned to the hall a second time he had remained in his seat, and had done nothing to disturb the meeting, and upon this evidence the trial court properly held that the act complained of was unlawful. Judgment affirmed.